56.5034

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| WEST BEND MUTUAL INSURANCE COMPANY, | ) | |
| | ) | |
| -v.-    *Plaintiff*, | ) | 3:24-cv-3025 |
| | ) | |
| | ) | |
| TRANSITIONS OF WESTERN ILLINOIS, INC., | ) | |
| LACEY EATON, ERIC KAMINSKY, and JANE | ) | |
| DOE as Plenary Guardian of the person and Estate of | ) | |
| JOHN DOE, a disabled adult, | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, WEST BEND MUTUAL INSURANCE COMPANY ("West Bend"), by and through its attorneys, Brendan C. Ross of LINDSAY, PICKETT & POSTEL, LLC, and for its Complaint for Declaratory Judgment against the Defendants, TRANSITIONS OF WESTERN ILLINOIS, INC. ("TWI"), LACEY EATON ("Eaton"), ERIC KAMINSKY ("Kaminsky"), and JANE DOE as Plenary Guardian of the person and Estate of JOHN DOE, a disabled adult, alleges as follows:

## Introduction

1. In this declaratory judgment action, West Bend seeks a declaration that it does not owe TWI, Eaton, and Kaminsky a duty of defense or indemnity with respect to a personal injury complaint filed by Jane Doe in the Circuit Court of Adams County, Case No. 2023-LA-45 ("the underlying litigation").

## The Parties

2. West Bend is a mutual insurance company organized under the laws of Wisconsin, with its principal place of business in West Bend, Wisconsin. West Bend is a citizen of Wisconsin.

3. TWI is an Illinois corporation with its principal place of business, Illinois. TWI is a citizen of Illinois.

4. Eaton is an individual and a citizen of Illinois.

5. Kaminsky is an individual and a citizen of Illinois.

6. Jane Doe is an individual and a citizen of Illinois. She is named herein only in that she may be deemed a necessary party with an interest in the subject matter of this action. West Bend seeks no relief from her, other than to the extent, if any, that she is interested in the subject matter of this action, that she be bound by the judgment sought herein. If she will sign a stipulation to that effect, then West Bend will voluntarily dismiss her as a defendant.

## Jurisdiction and Venue

7. This Court has subject matter jurisdiction under 28 USC § 1332 because there is complete diversity among the parties to this case, and the amount in controversy is greater than $75,000.

8. Venue is proper under 28 USC § 1391(b)(2) because the occurrence giving rise to this action occurred in Adams County, Illinois, within the Central District of Illinois.

## The Lawsuit

9. On October 24, 2023, Jane Doe filed a complaint against TWI, Eaton, and Kaminsky in the Circuit Court of Adams County, Illinois, Case No. 2023-LA-45 ("the underlying complaint"), alleging personal injury to her developmentally disabled adult son, John Doe. A true and correct copy of the underlying complaint is attached as **Exhibit A**.

10. Jane Doe alleges that TWI is a residential facility that cares for developmentally disabled adults; that Eaton was the Director of Intellectual/Developmental Disabilities Services at TWI; and that Kaminsky was a case manager at TWI.

11. She alleges that on three occasions in 2022, John Doe was the subject of various incidents of assault or sexual assault by another resident at the facility, Golden "Fritz" Marlow, III.

12. Specifically, she alleges that such incidents occurred in April/March 2022, July 2022, and on August 13, 2022.

13. She alleges that defendants were aware of these incidents when they occurred but did not notify her.

14. She alleges that on August 19, 2022, she filed a report with the Adams County Sheriff's Office and eventually obtained a restraining order against Fritz.

15. She alleges that, following the August 13, 2022 incident, John Doe sought counseling and treatment for anxiety, nightmares, stomach pain, stress tension, back pain, and a UTI.

16. She alleges that defendants' negligence was the proximate cause of John Doe's injuries and seeks damages for those injuries.

### West Bend's First Notice of the Claim

17. Defendants did not provide notice of the alleged incidents to West Bend until June 23, 2023.

### The West Bend Policies

18. West Bend issued commercial package policies to TWI, Policy No. 2036229-4, effective October 6, 2017, to October 6, 2018 ("the 2018 policy"), Policy No. 2036229-5, effective October 6, 2018, to October 6, 2019 ("the 2019 policy"), and Policy No. 2036229-6, effective October 6, 2019, to October 6, 2020 ("the 2020 policy"), each providing commercial general liability coverage with a $1,000,000 per occurrence limit and umbrella coverage with a $2,000,000

3

per occurrence limit (collectively, "the West Bend policies"). Complete certified copies of the 2018, 2019 and 2020 policies are attached as **Exhibit B, Exhibit C** and **Exhibit D**, respectively.

19. West Bend did not insure TWI after October 6, 2020.

20. The commercial general liability coverage of the West Bend policies provides the following language:

> **SECTION I – COVERAGES**
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.***
>
> **b.** This insurance applies to "bodily injury" and "property damage" only if:
>
> **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> **(2)** The "bodily injury" or "property damage" occurs during the policy period;***
>
> **d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:
>
> **(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
>
> **(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or
>
> **(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**\*\*\*

**2.    Duties In The Event Of Occurrence, Offense, Claim Or Suit**

    **a.**    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

        **(1)**    How, when and where the "occurrence" or offense took place;

        **(2)**    The names and addresses of any injured persons and witnesses; and

        **(3)**    The nature and location of any injury or damage arising out of the "occurrence" or offense.\*\*\*

**SECTION V – DEFINITIONS**\*\*\*

**3.**    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.\*\*\*

**13.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*\*\*

**PROFESSIONAL LIABILITY COVERAGE**\*\*\*

Unless specifically stated in this Coverage Form, all terms, conditions, exclusions and definitions of the Commercial General Liability Coverage Form apply.\*\*\*

**A.    COVERAGE**

The following is added to Section I – Coverages:

We will pay all sums which arise from the named profession(s) listed on this form and become obligated to pay as damages because of any act, error or omission of the insured arising out of the activities of the profession(s) related to the operation(s) as listed on this form.\*\*\* The damages:\*\*\*

    **b.**    Must take place in the "coverage territory", during the policy period.\*\*\*

**C.     EXCLUSIONS**

The following exclusions are added as respects Professional Liability Coverage only.

This insurance does not apply to:***

**c.**     any claims made against you, your employees, volunteers, student interns or any other person for whom you are legally responsible, alleging injury or damage because of sexual and/or physical abuse, negligent or deliberate touching, or for any claims that you are responsible for the aforementioned because of alleged negligent hiring, training or supervision of your employees or other person for whom you are legally responsible.***

**PHYSICAL ABUSE AND SEXUAL MOLESTATION LIABILITY ENDORSEMENT*****

**A.     Coverage**

    **1.     Insuring Agreement**

We will pay those sums the insured becomes legally obligated to pay as damages because of "physical abuse", "mental injury" or "sexual molestation" arising out of the negligent:

**(a)**     employment;
**(b)**     investigation;
**(c)**     supervision;
**(d)**     reporting to the proper authorities, or failure to so report; or
**(e)**     retention of any person for whom the insured is legally responsible.***

**C.     Definitions**

    **1.**     "Sexual molestation" means any actual or alleged act, touching, or caressing or suggestion thereof which could be considered sexual and/or inappropriate.

    **2.**     "Mental injury" means mental anguish, emotional distress or humiliation.

    **3.**     "Physical abuse" means physical mistreatment, the improper or excessive touching, handling or treatment of a person including excessive force and harsh insulting language.

All other terms, conditions and exclusions remain unchanged and applicable to this endorsement.

*   *   *

21. The umbrella coverage of the West Bend policies contains substantially the same relevant terms, conditions, and endorsements as the general liability coverage.

## Coverage Allegations

### Count I
### No Duty to Defend or Indemnify TWI

22. West Bend restates and incorporates the allegations in paragraphs 1 through 21 above, as if set forth fully herein.

23. West Bend has no duty to defend or indemnify TWI in the underlying litigation for one or more of the following reasons, pleading hypothetically or in the alternative:

   a. There is no potential for "bodily injury" coverage because the lawsuit alleges that all "bodily injury" occurred in 2022, well after the West Bend policies expired;

   b. There is no potential for coverage under the professional liability endorsement because the lawsuit alleges that all damages occurred in 2022 and beyond, after the West Bend policies expired; and also, the physical and sexual abuse exclusion applies to negate coverage;

   c. There is no potential for coverage under the physical and sexual molestation endorsement because the lawsuit alleges that all such injury occurred in 2022, after the West Bend policies expired;

   d. Even if the lawsuit alleged injury during the West Bend policy period— which it does not—it would be time-barred by the statute of limitations, and defendants would have no potential legal obligation to pay damages, as required by the policy;

   e. Defendants breached the late notice condition by failing to timely notify West Bend after they learned of the alleged occurrences;

   f. There may be other bases on which West Bend can properly deny coverage, and West Bend reserves the right to plead them in the future.

WHEREFORE, Plaintiff West Bend requests that this Court enter an Order declaring that West Bend does not owe a duty to defend or indemnify Defendant TWI in the underlying litigation, and for any such other relief as this Court deems just and appropriate.

## Count II
## No Duty to Defend or Indemnify Eaton

24.  West Bend restates and incorporates the allegations in paragraphs 1 through 21 above, as if set forth fully herein.

25.  West Bend has no duty to defend or indemnify Eaton in the underlying litigation for one or more of the following reasons, pleading hypothetically or in the alternative:

   a.   There is no potential for "bodily injury" coverage because the lawsuit alleges that all "bodily injury" occurred in 2022, well after the West Bend policies expired;

   b.   There is no potential for coverage under the professional liability endorsement because the lawsuit alleges that all damages occurred in 2022 and beyond, after the West Bend policies expired; and also, the physical and sexual abuse exclusion applies to negate coverage;

   c.   There is no potential for coverage under the physical and sexual molestation endorsement because the lawsuit alleges that all such injury occurred in 2022, after the West Bend policies expired;

   d.   Even if the lawsuit alleged injury during the West Bend policy period— which it does not—it would be time-barred by the statute of limitations, and defendants would have no potential legal obligation to pay damages, as required by the policy;

   e.   Defendants breached the late notice condition by failing to timely notify West Bend after they learned of the alleged occurrences;

   f.   There may be other bases on which West Bend can properly deny coverage, and West Bend reserves the right to plead them in the future.

WHEREFORE, Plaintiff West Bend requests that this Court enter an Order declaring that West Bend does not owe a duty to defend or indemnify Defendant Eaton in the underlying litigation, and for any such other relief as this Court deems just and appropriate.

## Count III
## No Duty to Defend or Indemnify Kaminsky

26. West Bend restates and incorporates the allegations in paragraphs 1 through 21 above, as if set forth fully herein.

27. West Bend has no duty to defend or indemnify Kaminsky in the underlying litigation for one or more of the following reasons, pleading hypothetically or in the alternative:

   a. There is no potential for "bodily injury" coverage because the lawsuit alleges that all "bodily injury" occurred in 2022, well after the West Bend policies expired;

   b. There is no potential for coverage under the professional liability endorsement because the lawsuit alleges that all damages occurred in 2022 and beyond, after the West Bend policies expired; and also, the physical and sexual abuse exclusion applies to negate coverage;

   c. There is no potential for coverage under the physical and sexual molestation endorsement because the lawsuit alleges that all such injury occurred in 2022, after the West Bend policies expired;

   d. Even if the lawsuit alleged injury during the West Bend policy period— which it does not—it would be time-barred by the statute of limitations, and defendants would have no potential legal obligation to pay damages, as required by the policy;

   e. Defendants breached the late notice condition by failing to timely notify West Bend after they learned of the alleged occurrences;

   f. There may be other bases on which West Bend can properly deny coverage, and West Bend reserves the right to plead them in the future.

WHEREFORE, Plaintiff West Bend requests that this Court enter an Order declaring that West Bend does not owe a duty to defend or indemnify Defendant Kaminsky in the underlying litigation, and for any such other relief as this Court deems just and appropriate.

                              Respectfully submitted,

                              **LINDSAY, PICKETT & POSTEL, LLC**

By:   */s/ Brendan C. Ross*
       One of the Attorneys for Plaintiff,
       WEST BEND MUTUAL INSURANCE COMPANY

Brendan C. Ross (Atty ARDC 6310042)
**LINDSAY, PICKETT & POSTEL, LLC**
200 W. Madison Street, Suite 3850
Chicago, IL 60606
bross@lpplawfirm.com
312-725-5202